Joe Garcia MORALES, Guardian of the
Person and the Estate of Flavio
Morales, Appellant,

v.

EMPLOYERS CASUALTY
COMPANY, Appellee.

No. 04–94–00156–CV.

Court of Appeals of Texas,
San Antonio.

March 8, 1995.

Gary M. Poenisch, San Antonio, for appellant.

Grant E. Adami, III, E. Wayne Shuffield, Davis, Adami & Cedillo, Inc., San Antonio, Thomas H. Crofts, Jr., Wallace B. Jefferson, Crofts, Callaway & Jefferson, San Antonio, for appellee.

Harry Deckard, Asst. Atty. Gen., Tort Litigation Div., Austin, for amicus curiae State of Tex.

Before LOPEZ, HARDBERGER and BUTTS,[1] JJ.

## OPINION

HARDBERGER, Justice.

We withdraw our opinion of December 21, 1994 and substitute the following opinion on rehearing. It does not change the holding but deals with the additional point of whether the Workers' Compensation Commission Appeals Panel filed its opinion on time.

Appellant Flavio Morales brings this appeal from a judgment entered in favor of Employers' Casualty Company in a workers' compensation case. In his first point of error Morales argues that the trial court was without jurisdiction to enter the judgment because Employers' missed the statutory deadline for filing its petition in district court challenging the decision of the Texas Workers' Compensation Commission (the "Commission"). We reverse the trial court's judgment.

1. Justice Shirley W. Butts not participating.

## Background

Flavio Morales was struck by a car while standing at the corner of an intersection on November 1, 1991. At the time of the accident, Morales was employed by Classified Parking Systems, Inc. Classified Parking Systems is a subscriber under the Texas Workers' Compensation Act and Employers' is the carrier.

As a result of the accident, Morales is unable to communicate, is mentally incompetent and is mentally and physically unable to participate in the administrative proceedings and the trial. Appellant Joe Garcia Morales is Flavio's guardian.

On June 29, 1992, a benefit review conference was held at the Commission offices in San Antonio. The issue was whether Flavio Morales was in the course and scope of employment at the time of his injury. The hearings officer found he was. On August 25, 1992, a contested case hearing was held to resolve this issue. Morales was again held to be in the course and scope of his employment at the time of his injury.

Employers appealed the contested case hearing decision and order. The appeals panel affirmed the contested case hearing decision and order finding Morales to be within the course and scope. The appeals panel issued its order on November 20, 1992. The fortieth day following November 20, 1992, was December 30, 1992. Employers' petition commencing the judicial review of the Appeals Panel decision was filed on January 6, 1993, more than forty (40) days after the Appeals Panel decision was filed. Morales filed a plea to the jurisdiction and then moved for summary judgment on the issue of lack of jurisdiction. The trial court denied the motion for summary judgment. The case was then tried to a jury which found that Flavio Morales' injuries did not arise out of and in the course and scope of his employment. The trial court rendered judgment in favor of Employers' from which Morales now appeals.

## Jurisdiction

In his first point of error Morales contends that the trial court lacked jurisdiction because timely compliance with the filing period under the Workers Compensation Act is mandatory and jurisdictional and Employers failed to comply.

Morales' injury occurred on November 1, 1991 thus bringing this case within the "new" Workers' Compensation Act of 1989. Under the new act a party appealing a decision of the Commission must file suit by the fortieth (40th) day after the date on which the opinion of the appeals panel was filed with the division. TEX.LAB.CODE § 410.252 (Vernon Supp.1994).

Morales argues that the trial court was without jurisdiction because Employers did not file its original petition within the forty day period. We agree. Employers filed its petition forty-seven (47) days after the appeals panel filed its opinion. Employers was seven days late.

■ This is a case of first impression under the "new" act, but there have been several opinions under the "old" act. Under the former Workers' Compensation Act, Art. 8307, sec. 7, the filing deadline for appealing from a decision of the Industrial Accident Board was mandatory and jurisdictional. *See, e.g., Dallas I.S.D. v. Porter,* 709 S.W.2d 642, 643 (Tex.1986); *Standard Fire Ins. Co. v. LaCoke,* 585 S.W.2d 678, 680 (Tex.1979); *Lechuga v. Texas Employers' Ins. Ass'n,* 791 S.W.2d 182, 184 (Tex.App.—Amarillo 1990, writ denied); *Tatum v. Second Injury Trust Fund,* 730 S.W.2d 351, 352 (Tex.App.—Dallas 1987, no writ); *Charter Oak Fire Ins. Co. v. Gorman,* 693 S.W.2d 686, 688 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); *American Gen. Ins. Co. v. Kohn,* 425 S.W.2d 688, 689 (Tex.Civ.App.—Austin 1968, no writ). There is no reason to distinguish between the statutory 20 day filing requirements under the old workers' compensation law and the 40 day filing requirement in the new law. *Compare* TEX.LAB.CODE § 410.252(a) (Vernon Supp.1994) with TEX.

REV.CIV.STAT.ANN., art. 8307 § 5 (Vernon 1967). Consequently, we hold that the 40 day filing requirement is mandatory and jurisdictional.

■ In this case, the appeals panel filed its opinion on November 20, 1992. The appeals panel decision became final on December 31, 1992, because no petition seeking judicial review was on file. Employers failure to file its petition with the district court within forty days of filing of the appeals panel decision deprived the trial court of jurisdiction to act in the present case.

## Actual Notice

Employers' position is that even though the panel's decision was filed on November 20, 1992, it did not receive actual notice of the decision until November 30, 1992. As Employers filed the suit on January 6, 1993, they point out they were within 40 days of receiving actual notice. Employers contends that the 40 day deadline did not begin to run until it received actual notice.

■ The code provision in question reads as follows:

(a) A party may seek judicial review by filing suit not later than the 40th day after the date on which the decision of the appeals panel was filed with the division.

(b) The party bringing suit to appeal the decision must file a petition with the appropriate court in:

(1) the county where the employee resided at the time of the injury or death, if the employee is deceased; or

(2) in the case of an occupational disease, in the county where the employee resided on the date disability began or any county agreed to by the parties.

TEX.LAB.CODE ANN. § 410.252 (Vernon Supp.1994). This provision provides that the petition must be filed in district court no later than the 40th day after the date on which the appeals panel decision is filed with the division. No mention is made of actual

notice. Absent an express reference to actual notice in the statute there is no basis for calculating the 40 day deadline from Employers "actual notice" of the appeals panel decision.

In support of its position Employers cites *Commercial Life Ins. Co. v. Texas State Bd. of Ins.*, 774 S.W.2d 650, 652 (Tex.1989) and *Meador–Brady Management Corp. v. Texas Motor Vehicle Comm'n*, 866 S.W.2d 593, 595 (Tex.1993). Those cases both involved either no notice or late notice of the challenged order. In the present case, Employers received notice of the appeals panel decision in a timely fashion. The appeals panel decision was issued on November 21, 1992, a Friday, and was mailed with a Commission transmittal letter on November 23, 1992, the following Monday. Employers received the decision and transmittal letter on November 30, 1992. Unlike the above cited cases in which the complaining parties' deadline to appeal had expired by the time notice of the order was received, Employers had a full thirty (30) days in which to appeal the Commission's final decision. The transmittal letter accompanying the appeals panel decision plainly states that the parties have forty days from the date stamped on the appeals panel decision to file any petition. The appeals panel decision is stamped in large letters "FILED November 20, 1992". Employers simply allowed the deadline to lapse.

We are not dealing with a situation where a party is barred from court before they ever received notice. Employers admits that it had a full thirty days from the time it acquired actual notice of the appeals panel decision until the time the forty day deadline expired. Employers' complaint is not that it did not have time to file an appeal but that it did not have a full 40 days from actual notice of the Commission's decision. But the statute does not guarantee 40 days. Rather it simply says that 40 days after the decision of the appeals panel has been filed with the division it will be too late to appeal.

Employers cites *Ward v. Charter Oak Fire Ins. Co.*, 579 S.W.2d 909, 910–11 (Tex.1979) for the proposition that it should be allowed to calculate its deadline from the date of actual notice despite the absence of such language in the statute. In *Ward*, the party intending to appeal an Industrial Accident Board determination put her petition in the mail in time for it to arrive at the courthouse and be filed. However, the petition was mistakenly returned to sender for insufficient postage. Both parties agreed that in fact there had been sufficient postage. The court concluded that where a party which desired to appeal a decision takes the appropriate steps to file the appeal in a timely manner but is prevented from doing so, through no fault of its own, then the court will construe the statute as allowing the appeal to be filed. *See Ward*, 579 S.W.2d at 910–911; *Tatum v. Second Injury Trust Fund*, 730 S.W.2d 351, 352 (Tex.App.—Dallas 1987, no writ).

*Ward* is inapposite. In the instant case, Employers had notice of the deadline thirty days before it lapsed but failed to file its appeal until seven (7) days after the deadline had passed. The fault in failing to file the petition lies with Employers.

■ We also recognize that the appellee charges that the Commission itself was delinquent in making its own deadlines and, therefore, the whole schedule of the appeal is askew. Assuming that appellee is right in its charge against the Commission, although we do not think it is, we do not find the argument persuasive. The appeals panel issuance date is clear and undisputed: November 20, 1992. Whether another date could have been arrived at had the Commission met its own deadline becomes immaterial. It would also be unworkable to go behind the date certain on appeal issuance date on every case and try to figure the date had all deadlines been met. Therefore, we hold that the date that controls the beginning of the 40–day deadline is that contained on the Commission's order.

Although we think the type of review advanced by Employers is unworkable, the Workers' Compensation Commission Appeals Panel still filed its appeals opinion timely. A

short recitation of the procedural facts will demonstrate why the Appeals Panel filed its opinion on time.

The Decision and Order of the Contested Case Hearing Officer was filed on September 15, 1992, and received by Employers on September 25, 1992. According to Texas Labor Code, § 410.202, Employers had until October 10, 1992, to file its appeal. Employers' appeal was filed on October 9, 1992. According to section 410.202, Morales had until fifteen days after service of Employers' appeal to file its response. Morales filed his response on October 21, 1992. The Appeals Panel had until November 20, 1992, to issue its opinion under § 410.204. The Appeals Panel filed its opinion on November 20, 1992.

■ Employers' analysis departs with the above by stating that Morales response should be "deemed" filed as of October 15, 1992, the date it was mailed, pursuant to 28 Tex.Admin.Code § 143.4(c). Resort to section 143.4(c) is unnecessary in this case because Morales' response was actually filed on time. Section 143.4 reads in pertinent part:

> (c) A response made under this section shall be *presumed* to be timely filed or timely served if it is:
>
> (1) mailed on or before the 15th day after the date of receipt of the appellant's request, as provided in subsection (a) of this section; and
>
> (2) received by the commission or other party not later than the 20th day after the date of receipt of the appellants' request. (emphasis added).

This rule is a presumption that a response is timely filed if certain requirements are met. However, there is no need to indulge in a presumption of timely filing when a document is in fact timely filed. Morales response was not due until October 24. The response was received by the Commission on October 21, therefore it was timely filed. According to Commission rules, a response is "filed" with the Commission on the date it is *received*. The applicable rule provides:

> Unless otherwise specified in the Texas Workers' Compensation Act or these rules, forms, reports, and other documents required to be filed by a specified time will be considered timely only if *received by the commission at Austin, or at an appropriate regional field office prior to or during business hours on the last permissible day of filing....* (emphasis added).

28 Tex.Admin.Code § 102.7. Morales' response was received by the Commission at Austin on October 21, 1992, and therefore is considered *filed* on that date. It was received prior to the last permissible day of filing. There is no need to resort to a *presumption* of timely filing.

Pursuant to both Tex.Lab.Code § 410.204 and 28 Tex.Admin.Code § 143.5(a), the Appeals Panel was required to issue its decision not later than thirty (30) days from October 21, 1992. The Appeals Panel decision was issued on November 20, 1992, the thirtieth day after Morales' response was filed with the Appeals' Panel in Austin. Therefore, Employers' argument that the Appeals Panel decision should be considered void because it was not issued in compliance with Tex.Labor Code § 410.204 is groundless.

Employers cites *Milam v. Miller*, 891 S.W.2d 1 (Tex.App.—Amarillo 1994, writ ref'd). However, *Milam* is inapplicable because it was interpreting the Texas Rules of Civil Procedure for filing pleadings. *Miller* was not concerned with the rules promulgated by the Texas Workers' Compensation Commission. As discussed above, the Commission has expressly stated that a document is filed with the Commission when it is received in Austin, not when it is mailed. *See* Tex.W.C.Comm'n, 28 Tex.Admin.Code § 102.7.

Finally, Employers argues that the trial court properly had jurisdiction because to bar it from proceeding under these circumstances would be a denial of its right to due process. *Texas Workers' Comp. Com'n v. Garcia*, 862 S.W.2d 61, 75 (Tex.App.—San Antonio 1993) *rev'd on other grounds* 893 S.W.2d 504 (1995). Employers' argument is predicated on the assumption that there was a default by the appeals panel in filing its

decision. In our opinion there was no default on the part of the appeals panel.

Morales' first point of error is affirmed. The trial court's judgment is reversed and rendered. The trial court had no jurisdiction after the 40 days had expired and the Commission's appeals decision became final.