**Maureen BOONE, Appellant,**

v.

**ST. PAUL FIRE & MARINE INS. CO., Appellee.**

**No. 2-97-165-CV.**

Court of Appeals of Texas, Fort Worth.

April 9, 1998.

Appeals Panel filed its final decision affirming the decision on December 2, 1996. Appellant's petition for judicial review of the decision was due by January 13, 1997. However, Appellant filed her petition in the district court on January 14, 1997. The district clerk's office of Tarrant County was delayed in opening due to inclement weather on the morning of January 13, 1997 until 10:00 a.m., but the office was open and accepted filings from 10:00 a.m. until 5:00 p.m. The court held that the petition was not timely filed and dismissed the petition for lack of jurisdiction on April 18, 1997.

### *Timeliness of Appellant's Petition*

Appellant asserts two points, essentially arguing that because the clerk's office was delayed in opening until 10:00 a.m. on January 13, the day her petition was due, that day constituted a legal holiday and her petition was therefore timely filed on the following day.

Appellant was required to file her petition for judicial review not later than the 40th day after the date the decision of the appeals panel was filed. *See* TEX. LABOR CODE ANN. § 410.252(a) (Vernon 1996). Because the appeals panel filed its decision on December 2, 1996, Appellant's petition had to be filed by January 11, 1997. However, January 11 fell on a Saturday. The TWCC provisions, almost identical to rule 4 of the rules of civil procedure, enlarge time periods as follows: "If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is not a Saturday, Sunday, or legal holiday." 28 TEX. ADMIN. CODE § 102.3(a)(3) (1997); *see* TEX.R. CIV. P. 4. Therefore, Appellant's last day to file her petition was Monday, January 13, 1997.

Thomas A. Wilder, District Clerk of Tarrant County, testified in an affidavit that the opening of the district clerk's office was delayed two hours on the morning of January 13 by order of county judge Tom Vandergriff. Wilder also testified that the office remained open and accepted filings from 10:00 a.m. until 5:00 p.m. that day. There is nothing in the record to indicate how or if

G. Craig Hubble, P.C., G. Craig Hubble, Arlington, for Appellant.

Bishop & Hummert, Alexander N. Beard, Kevin E. Walker, Dallas, for Appellee.

Before CAYCE, C.J., and LIVINGSTON and BRIGHAM, JJ.

### OPINION

BRIGHAM, Justice.

Appellant Maureen Boone filed a petition for judicial review of a final decision of the Texas Workers' Compensation Commission (TWCC). The trial court granted Appellee's plea to the jurisdiction and dismissed the suit because the petition was not timely filed. In two points, Appellant contends that her petition was timely filed. We affirm the dismissal.

### *Background*

Appellant sustained a work-related injury on April 10, 1995 while working for Aegon U.S. Holding Corporation. She was determined by the TWCC to be at maximum medical improvement on October 27, 1995 and she appealed the decision. The TWCC

this information was passed on to attorneys and others seeking to file documents that day. Further, the Tarrant County Local Rules of Court state that "[o]n dates on which county offices will be closed other than weekends and holidays, the Clerks will designate a location within the courthouse complex where papers may be filed." TARRANT COUNTY LOCAL R. COURT 1.06(c).

Appellant's attorney filed an affidavit with Appellant's response to the plea to the jurisdiction. He stated that he saw reports on the news that Fort Worth and Arlington Independent School Districts were closed for the day due to the weather. The attorney's office policy was to close for the day any time the Arlington I.S.D. was closed for the day. He presented no evidence that he or Appellant contacted the courthouse, heard of any courthouse or clerk's office closing on the media or otherwise, attempted to place the petition in the mail or fax it, or made any effort to file the petition that day.

The Texas Supreme Court has recognized that a day on which the clerk's office is closed by order of the county commissioners' court is a legal holiday within the meaning of rule 4. *See Miller Brewing Co. v. Villarreal*, 829 S.W.2d 770, 772 (Tex.1992). Although we have found no case law specifically dealing with an all-day closing ordered by a county judge due to inclement weather, we see no reason why the result would be different. However, in this case, the office was only delayed in opening for two hours in the morning.

■ Appellant urges us to hold that a closing for any amount of time by the commissioners' court or a judge makes the entire day a legal holiday, thereby enlarging periods ending that day. We decline to do so. We do not today hold that there are no circumstances under which weather conditions or other unexpected closings may enlarge time to file. We do, however, refuse to hold that any delayed opening extends deadlines to the next day.

Appellant also urges us to reverse the trial court's order out of equity and fairness. Appellant points to two cases in which courts

enlarged time to file due to extenuating circumstances and the equities involved. First, Appellant cites to *Ward v. Charter Oak Fire Ins. Co.*, also a TWCC case. 579 S.W.2d 909 (Tex.1979). In *Ward*, the appellant mailed her notice of intention to appeal[1] to the appropriate board six days before the deadline to do so. *Id.* at 910. Through no fault of the appellant's, the notice was mistakenly returned to her marked "postage due" and she re-mailed the notice on the day it was due. The court said that to deny her right to appeal would be a harsh and inequitable result and held that the traditional "mailbox rule" applied to TWCC notices, so that her notice was timely.

The second case Appellant relies on is *Morales v. Employers Casualty Co.* 897 S.W.2d 866 (Tex.App.—San Antonio 1995, writ denied) (op. on reh'g). The *Morales* court interpreted *Ward* to hold that "where a party which desired [sic] to appeal a decision takes the appropriate steps to file the appeal in a timely manner but is prevented from doing so, through no fault of its own, then the court will construe the statute as allowing the appeal to be filed." *Morales*, 897 S.W.2d at 869. The *Morales* court, however, went on to find that the appealing party in that case had *not* taken the appropriate steps or been prevented from doing so through no fault of its own. *See id.*

■ Here, Appellant has not demonstrated that she took all the appropriate steps, only to be thwarted by nature with no opportunity to file her petition on time. Thus, neither the law nor equity requires that we treat her petition as timely filed when it was filed one day after it was due. Therefore, we hold that the trial court properly granted Appellee's plea to the jurisdiction and dismissed Appellant's petition.

We overrule Appellant's points one and two.

### Conclusion

We hold that the delay in opening the clerk's office for two hours in this case did not constitute a legal holiday under the rules of civil procedure or the TWCC rules. Fur-

---

1. This notice is no longer required to appeal a TWCC ruling.

thermore, we do not believe the result in this case to be unduly harsh or inequitable. Therefore, we overrule Appellant's points and affirm the trial court's judgment.