In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-019 CV


____________________



BEAUMONT INDEPENDENT SCHOOL DISTRICT, Appellant



V.



MAXIE PARKERSON, Appellee






On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. A-165,919






O P I N I O N


 Maxie Parkerson filed suit for judicial review of a final decision of the Workers'
Compensation Commission ("Commission"). Parkerson complains of the Commission's
determination that he "knew or should have known that his employment with [BISD] might
have caused him to sustain a work related injury on January 1, 1993." The Commission
found the date of injury to be January 1, 1993. Parkerson argued the date of injury was
September 19, 2000, and claims he was denied temporary income benefits, supplemental
income benefits or impairment income benefits because of the erroneous date of injury.
The Hearing Officer found Parkerson's date of injury to be January 1, 1993, that
Parkerson timely reported his compensable injury, and Parkerson had sustained disability
since November 21, 2000. Parkerson appealed from that decision; the appeals panel
affirmed. Parkerson subsequently filed suit for judicial review. BISD eventually filed a
plea to the jurisdiction, which the trial court denied. BISD appeals claiming the trial court
erred in denying its plea.

 BISD's plea to the jurisdiction alleged Parkerson's petition was for "a judicial
review of issues other [than] compensability, income or death benefits." Therefore, BISD
contends, it is not section 410.252 of the Texas Labor Code that applies, but section
2001.176 0f the Texas Government Code. See Tex. Lab. Code Ann. §§ 410.252,
410.255 (Vernon 1996); Tex. Gov't Code Ann. § 2001.176 (Vernon 2000).

 Under the Labor Code, suit must be filed "not later than the 40th day after the date
on which the decision of the appeals panel was filed. . .." Tex. Lab. Code Ann. §
410.252(a) (Vernon 1996). The Government Code provides suit is to be filed "not later
than the 30th day after the date on which the decision that is the subject of complaint is
final and appealable" and in "a Travis County district court." Tex. Gov't Code Ann.
§ 2001.176 (a), (b) (Vernon 2000). Parkerson filed suit on the 39th day, in Jefferson
County. See Tex. Lab. Code Ann. § 410.252 (b) (Vernon 1996).

 Section 410.301 provides:

 (a) Judicial review of a final decision of a commission appeals panel
regarding compensability or eligibility for or the amount of income or death
benefits shall be conducted as provided by this subchapter.

 (b) A determination of benefits before a court shall be in accordance
with this subtitle.


See Tex. Lab. Code Ann. § 410.301 (a)(b) (Vernon 1996). Under section 410.255, all
other issues are governed by Subchapter G, Chapter 2001, of the Texas Government Code. 
The issue before us, therefore, is whether the date of injury is a matter "regarding
compensability or eligibility for or the amount of income." If so, the petition was timely
filed in the proper county. Otherwise, the trial court erred in denying BISD's plea to the
jurisdiction.

 BISD cites Rodriguez v. Service Lloyds Ins. Co. 997 S.W.2d 248, 253 (Tex. 1999),
and Morales v. Employers Cas. Co., 897 S.W.2d 866, 868 (Tex. App.--San Antonio 1995,
writ denied), for its position that the forty-day filing deadline requirement of Section
410.252 (a) is mandatory and jurisdictional. (1) However, BISD cites no authority supporting
its position that the commission's decision on Parkerson's date of injury does not fall
within the purview of section 410.301. 

 In Rodriguez, the Texas Supreme Court determined that an appeal challenging the
employee's impairment rating fell under section 410.301 because it "directly affects
eligibility for and the amount of benefits due to the employee." Rodriguez, 997 S.W.2d
at 253. The court noted that 

 [a]ny dispute that challenges an impairment rating's finality necessarily
implicates the date of maximum medical improvement and the amount paid
as temporary income benefits. This dispute may also impact the employee's
eligibility for, and the calculation of, impairment income benefits and
supplemental income benefits. Disputes about an injured employee's
impairment rating are, therefore, disputes about benefits.

 

Id. at 254. Parkerson's eligibility for temporary income benefits, impairment income
benefits, and supplemental income benefits terminates on the expiration of 401 weeks after
the date of injury. See Tex. Lab. Code Ann. § 408.083 (Vernon 1996). Accordingly,
Parkerson's claim that the actual date of injury is more than seven years after the date
determined by the commission is a dispute about benefits. We find Parkerson's suit is
governed by section 410.301 of the Texas Labor Code and the petition was therefore
timely filed in the proper county. (2) BISD's sole issue is overruled.

 The judgment of the trial court is AFFIRMED.




 DON BURGESS

 Justice


Submitted on April 30, 2003

Opinion Delivered May 8, 2003



Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. We do not determine the validity of this assertion as it is not necessary to the
disposition of this appeal but note that since Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71
(Tex. 2000), it is questionable. See Texas Dep't of Transp. v. Beckner, 74 S.W.3d 98,
101-03 (Tex. App.--Waco 2002, no pet.).
2. The review is therefore conducted pursuant to Subchapter G under a modified de
novo standard. See Rodriguez, 997 S.W.2d at 253; and Tex. Lab. Code Ann. § 410.301
(Vernon 1996).