In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-00-00846-CV
____________

HARRIS COUNTY EMERGENCY SERVICES DISTRICT # 1, Appellant

V.

ROBERT E. MILLER, Appellee




On Appeal from the 113th District Court 
Harris County, Texas
Trial Court Cause No. 2000-03848-A




DISSENTING OPINION 
ON EN BANC RECONSIDERATION
          I respectfully dissent. It is undisputed that HCESD did not file a written
response to Miller’s written request for appeal, as required by subsection (b) of the
Labor Code. Tex. Lab. Code Ann. § 410.202(b) (Vernon 1996).


 The inquiry is
whether subsection (b) is jurisdictional or whether it is merely an irregularity going
to preservation of error in the trial court.
          I believe that failure to comply with subsection (b) deprives the trial court of
subject-matter jurisdiction to review the decision of the appeals panel. I also believe
that subsection (a) is jurisdictional.


 See Morales v. Employers Cas. Co., 897 S.W.2d
866, 868 (Tex. App.—San Antonio 1995, writ denied). My reasoning derives from
the very nature of judicial review of administrative agency decisions. 
          There is no inherent right to judicial review of administrative agency decisions. 
Gen. Serv. Comm’n v. Little-Tex Insulation Co., 39 S.W.3d 591, 599 (Tex. 2001). It
exists only when (1) a statute provides for such review, (2) the order adversely affects
a vested property right, or (3) the order otherwise violates some constitutional right.
Id.; see also Dep’t of Protective & Regulatory Servs. v. Schutz, 101 S.W.3d 512, 521
(Tex. App.—Houston [1st Dist.] 2002, no pet.). This harsh rule derives from the
concept of sovereign immunity: a suit against an agency of the State is a suit against
the State. See Lowe v. Texas Tech Univ., 540 S.W.2d 297, 298 (Tex. 1976). And a
challenge of a State agency’s decision, notwithstanding that the agency is not a
named party in the judicial review, is likewise a suit against the State. Without
specific legislative authorization, an aggrieved party may not seek judicial review of
an administrative agency’s action because under sovereign immunity, the State cannot
be sued without its permission. Schutz, 101 S.W.3d at 521; S.W. Airlines Co. v. Tex.
High-Speed Rail Auth., 867 S.W.2d 154, 157 (Tex. App.—Austin 1993, writ denied). 
          Acting through the Legislature, the State, has waived sovereign immunity
under specifically defined circumstances. For example, in the area of tort recovery,
the State has waived immunity through the Texas Tort Claims Act. See Tex. Civ.
Prac. & Rem. Code Ann. §§ 101.021, 101.025 (Vernon 1997). In the context of
judicial review of administrative agency actions, the Legislature has imposed certain
procedural requirements that must be met before sovereign immunity is waived. See
e.g., Tex. Gov’t Code Ann. § 2001.171 (Vernon 2001). The purpose of these
procedural requirements is to ensure that grievances are fully aired at the
administrative law level in the interest of efficiency. The difficulty we face is
deciding which of the procedural requirements were intended by the Legislature to
grant a waiver of sovereign immunity from suit if fulfilled (thereby investing the trial
court with subject-matter jurisdiction), as opposed to those procedural requirements
upon which waiver of sovereign immunity is not based. 
          I am persuaded that subsection (b) is jurisdictional because it appears to be a
statutory requirement defining a class of causes that a court may decide: those in
which the respondent has filed a written response to the petitioner’s written request
for appeal to the appeals panel. Why? First, subsection (b) closely tracks the
language of subsection (a), providing for waiver of sovereign immunity, and appears
to enjoy equal dignity; pointedly, both use the mandatory auxiliary verb “shall.” 
Second, if the respondent does not file a written response, the appeals panel is
deprived of the complete argument, and the appeals panel’s role is diminished or
rendered meaningless.
 
 
 
Conclusion
          I would affirm the dismissal of the trial court for want of jurisdiction. 
 
                                                                                  Adele Hedges
                                                                                  Justice
On original submission, panel consisted of Chief Justice Radack, Justice Duggan,



and former Chief Justice Schneider.




En banc reconsideration was requested on the Court’s own motion. Tex. R. App. P.
49.7.

A majority of the justices of the Court voted in favor of reconsidering the case en
banc.

The en banc court on reconsideration consists of Chief Justice Radack and Justices
Hedges, Taft, Nuchia, Jennings, Keyes, Alcala, Hanks, Higley, and Duggan.

Justice Duggan, writing for the majority of the en banc Court on reconsideration,
joined by Chief Justice Radack and Justices Taft, Nuchia, Keyes, Alcala, and Hanks.

Justice Hedges, dissenting, joined by Justice Higley.

Justice Jennings, not participating and dissenting from denial of sua sponte motion
to withdraw en banc consideration.