In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00030-CV
______________________________


IN THE MATTER OF THE MARRIAGE OF
LINDA JEAN YARBROUGH AND
STEPHEN KENNETH YARBROUGH AND
IN THE INTEREST OF VIRGIL LEONARD YARBROUGH,
STEPHEN KEITH YARBROUGH, AND DANIEL BOONE YARBROUGH,
MINOR CHILDREN


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 62nd Judicial District Court
Lamar County, Texas
Trial Court No. 71870


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Stephen Kenneth Yarbrough appealed the trial court's order directing him to pay child
support for his three children, Virgil Leonard Yarbrough (born November 25, 1985), Stephen Keith
Yarbrough (born July 11, 1989), and Daniel Boone Yarbrough (born November 21, 1992). The
record in the appeal was complete on April 23, 2004, making Stephen's brief due by May 23, 2004.
Â Â Â Â Â Â Â Â Â Â Â Â On May 26, 2004, we received a two-page document that we interpreted as being Stephen's
pro se attempt at an appellate brief. The brief was defective in several respects. In a letter dated the
same day, we specifically noted those defects, including the brief's failure to "contain 'a clear and
concise argument for the contentions made, with appropriate citations to authorities and to the
record.'" See Tex. R. App. P. 38.1(h). We gave Stephen until Monday, June 7, 2004, to submit a
brief that corrected these errors.
Â Â Â Â Â Â Â Â Â Â Â Â On June 10, 2004, we received a one-page document that we interpreted as being Stephen's
second attempt at an appellate brief. Like his earlier attempt, this second brief fails to "contain 'a
clear and concise argument for the contentions made, with appropriate citations to authorities and
to the record.'" See Tex. R. App. P. 38.1(h). If an appellate court determines that the requirements
for briefs, as outlined in the Texas Rules of Appellate Procedure, have not been met, the court "may
require a brief to be amended, supplemented, or redrawn." If the same party attempts to file another
brief that violates the Texas Rules of Appellate Procedure in the same manner as the earlier brief,
"the court may strike the brief, prohibit the party from filing another, and proceed as if the party had
failed to file a brief." Tex. R. App. P. 38.9(a). 
Â Â Â Â Â Â Â Â Â Â Â Â In this case, Stephen has twice submitted a brief that fails to contain "a clear and concise
argument for the contentions made, with appropriate citations to authorities and to the record." 
Accordingly, we strike Stephen's second brief, we order that he be prohibited from filing another
brief, and we proceed with the case as if Stephen had failed to file a brief. See id.Â Â  
Â Â Â Â Â Â Â Â Â Â Â Â If an appellant fails to timely file a brief in compliance with the Texas Rules of Appellate
Procedure, after having been given multiple opportunities to so do, the appellate court may dismiss
the appeal for want of prosecution. Tex. R. App. P. 38.8(a) (failure of the appellant to file a brief in
civil cases). In this case, Stephen has failed to timely submit his brief in compliance with the Texas
Rules of Appellate Procedure, despite having been given two opportunities to do so. 
Â Â Â Â Â Â Â Â Â Â Â Â In both attempts at a brief, Stephen contends the trial court erred by ordering him to pay child
support for Virgil because the child had already turned eighteen. A trial court may order one or both
parents to support a child "until the child is 18 years of age or until graduation from high school,
whichever occurs later; . . . ." Tex. Fam. Code Ann. Â§ 154.001(a) (Vernon 2002). During her
testimony before the trial court, Linda informed the trial court that the three children were currently
living with her. Linda also told the trial court that the children were currently in school. Thus, the
record supports the trial court's decision to include Virgil in determining its award of child support,
because the child had not yet graduated. 
We dismiss the case for want of prosecution.
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â June 29, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â June 30, 2004



rst
filing in federal court Walker filed in state district court. Walker timely filed his appeal of
the TWCC decision, but in the wrong county. He did not file in the proper county until well
after the forty-day statutory requirement. The forty-day filing deadline requirement of
Section 410.252(a) is mandatory and jurisdictional. Johnson v. United Parcel Serv., 36
S.W.3d 918, 921 (Tex. App.-Dallas 2001, pet. denied); Morales v. Employers Cas. Co.,
897 S.W.2d 866, 868 (Tex. App.-San Antonio 1995, writ denied) (finding no reason to
distinguish statutory twenty-day filing requirement under former Article 8307, § 5 that was
mandatory and jurisdictional, and current forty-day requirement under Section 410.252(a)).

 For these reasons, we hold that Section 16.064 does not apply and that the trial
court lacked jurisdiction to hear and render judgment in this case. We therefore reverse
the trial court's judgment and render judgment reinstating the TWCC's determination of
Walker's impairment.



 Donald R. Ross

 Justice



CONCURRING OPINION



 In my examination of the available material on the legislative history of the
recodification of the Workers' Compensation Act in 1989, I did not find any reason why
Section 8307a of the previous Act was eliminated. This provision allowed a worker's case
that was erroneously filed in the wrong county to have the case transferred to the proper
court. The result of the present case is unfortunate because it does not allow a court to
reach the merits of the case because it was inadvertently filed in the wrong county. This
is a matter which the Legislature should review to determine if a worker's compensation
case should be permitted to be transferred to the proper court when a court determines it
has been erroneously filed in the wrong county.

 Because of the statutes now in effect, I must concur with the majority opinion.



 Ben Z. Grant

 Justice


Date Submitted: December 5, 2001

Date Decided: December 21, 2001


Publish

1. Tex. Lab. Code Ann. Â§ 410.252 (Vernon 1996) requires a party seeking judicial
review of TWCC decisions to file suit in the county where the employee resided at the time
of the injury.
2. Tex. Civ. Prac. & Rem. Code Ann. Â§ 16.064 (Vernon 1997) reads as follows:


 (a) The period between the date of filing an action in a trial court
and the date of a second filing of the same action in a different court
suspends the running of the applicable statute of limitations for the period if:


 (1) because of lack of jurisdiction in the trial court where the
action was first filed, the action is dismissed or the judgment is set
aside or annulled in a direct proceeding; and 


 (2) not later than the 60th day after the date the dismissal
or other disposition becomes final, the action is commenced in a court
of proper jurisdiction. 


 (b) This section does not apply if the adverse party has shown in
abatement that the first filing was made with intentional disregard of proper
jurisdiction. 
3. Tex. Rev. Civ. Stat. Ann. art. 8307a (Vernon 1967), repealed by Texas Workers'
Compensation Act, 71st Leg., 2d C.S., ch. 1, Â§ 16.01(11), 1989 Tex. Gen. Laws 1, 114.