Affirmed and Memorandum Opinion filed April 27, 2006









Affirmed
and Memorandum Opinion filed April 27, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00346-CV

____________

 

INSURANCE COMPANY
OF THE STATE OF PENNSYLVANIA, Appellant

 

V.

 

ISAAC FLORES, Appellee

 



 

On Appeal from the 129th
District Court

Harris County, Texas

Trial Court Cause No. 2004-23848

 



 

M E M O R A N D U M   O P I N I O N

Appellant, the Insurance Company of the
State of Pennsylvania (ICSP), filed a restricted appeal from a default judgment
granted in favor of Isaac Flores, appellee, in a workers= compensation
claim.  In two issues, ICSP argues that
error is apparent on the face of the record and that the trial court lacked
jurisdiction over this case.  We
affirm.  

Factual and
Procedural Background

Flores sustained a neck injury in February
1993 while employed as a machinist.  At
the time of Flores=s injury, his employer was insured by
ICSP.  Flores consulted Dr. Mark
McDonnell, an orthopedic surgeon, due to increasing pain related to his injury,
and Dr. McDonnell recommended surgery. 
Consequently, Flores filed a claim with the Texas Workers= Compensation
Commission requesting coverage of his surgery. 
The Commission denied Flores=s claim, and he
sought review by an independent review organization (AIRO@).  The IRO also denied his claim, and the Texas
Workers= Compensation
Commission Appeals Panel (the AAppeals Panel@) upheld the IRO=s decision.

On May 7, 2004, Flores filed a petition in
the trial court appealing the Appeals Panel=s decision and
naming ICSP as defendant.  ICSP did not
file an answer to Flores=s petition.  Flores filed a motion for default judgment,
and on August 16, 2004, the trial court held a hearing on Flores=s motion.  ICSP neither responded to the motion nor
attended the hearing.  At the hearing,
the trial court heard testimony from Flores and from Dr. McDonnell, who
testified about Flores=s need for surgery.  Based on this testimony, the trial court
found that Flores=s surgery was medically necessary and vacated
and reversed the Appeals Panel=s decision.  The trial court signed an interlocutory
default judgment in Flores=s favor on
September 30, 2004 and signed a final default judgment on December 7,
2004.  ICSP filed a notice of restricted
appeal on March 30, 2005. 

Analysis








To prevail in a restricted appeal, a party
must establish that (1) it filed notice of the restricted appeal within six
months after the judgment was signed, (2) it was a party to the underlying
suit, (3) it did not participate in the hearing that resulted in the judgment
complained of and did not timely file any post-judgment motions or requests for
findings of fact and conclusions of law, and (4) error is apparent on the face
of the record.  See Alexander v. Lynda=s Boutique, 134 S.W.3d 845,
848 (Tex. 2004).  The face of the record,
for purposes of a restricted appeal, consists of all the papers on file in the
appeal, including the statement of facts. 
Norman Commc=ns v. Tex. Eastman
Co.,
955 S.W.2d 269, 270 (Tex. 1997).  In this
case, the parties dispute only whether error is apparent on the face of the
record.  

The Texas Labor Code provides that A[a] party that has
exhausted its administrative remedies under this subtitle and that is aggrieved
by a final decision of the appeals panel may seek judicial review under this
subchapter.@  Tex. Lab. Code Ann. ' 410.251 (Vernon
2006).  The Code further provides that A[a] party may seek
judicial review by filing suit not later than the 40th day after the date on
which the decision of the appeals panel was filed with the division.@  Id. ' 410.252(a)
(Vernon 2006).[1]  








In its first issue, ICSP claims that in
his petition, Flores misrepresented to the trial court that the forty-day
filing deadline of section 410.252(a) is measured from when he received the
Appeals Panel=s decision rather than when it was filed
with the district.  See Morales v.
Employers Cas. Co., 897 S.W.2d 866, 869 (Tex. App.CSan Antonio 1995,
writ denied) (A[T]here is no basis for calculating the 40
day deadline from [appellee=s] >actual notice= of the appeals
panel decision.@). 
ICSP claims this misrepresentation constitutes error on the face of the
record.  A review of the record shows
Flores stated, in his petition, that the Appeals Panel=s decision was Aserved by letter
dated March 26, 2004 . . . [and] received on March 29, 2004.@  He then stated that A[w]ithin 40 days
after receipt of this decision [he] filed this suit.@  This language does not assert that the
forty-day filing deadline began on Flores=s receipt of the
Appeals Panel=s decision.  See Gold v. Gold, 145 S.W.3d 212, 213
(Tex. 2004) (A[A] restricted appeal requires error that
is apparent, not error that may be inferred.@).  Further, even if Flores did misstate the law,
there is no indication the trial court relied on it in entering a default
judgment.[2]


ICSP further complains that Flores=s failure to
attach the Appeals Panel=s decision and accompanying cover letter
to his petition, although he referenced them in his petition, also constitutes
error on the face of the record.  The
record shows that Flores attached three exhibits with labels designating the
exhibits as AExhibit >A,=@ Exhibit >B,=@ and AExhibit >C.=@  Although in his petition, Flores refers to
the Appeals Panel=s decision and accompanying letter as AExhibit A,@ AExhibit A@ in the record
before us consists of a certified mail receipt, not the Appeals Panel=s decision, which
is nowhere in the record.[3]   However, even if these documents were not
attached as referenced in Flores=s petition, ICSP
cites no authority, and we have found none, requiring Flores to attach the
Appeals Panel=s decision to his petition.  Moreover, we cannot determine, without
referring to extrinsic evidence, whether the documents to which Flores referred
contain the Appeals Panel=s filing date.  See Lynda=s Boutique, 134 S.W.3d at
848 (noting, in case involving restricted appeal, that Aif extrinsic
evidence is necessary, it should be presented in a motion for new trial or a
bill of review@).  Thus, error is not apparent on the face of the
record.  We overrule ICSP=s first issue. 








In its second issue, ICSP claims the trial
court lacked jurisdiction over Flores=s suit because his
May 7, 2004 petition was filed more than forty days after March 12, 2004, the
date ICSP claims the Appeals Panel filed its decision with the division.  As discussed above, because the record does not
establish the filing date of the Appeal Panel=s decision, we
cannot determine whether Flores filed his suit within the forty-day filing
deadline.  Thus, error is not apparent on
the face of the record.  Accordingly, we
overrule ICSP=s second issue.

We affirm the trial court=s judgment.  

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 27, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.











[1]   Several Texas courts have held that this
forty-day filing deadline is jurisdictional. 
See, e.g., LeBlanc v. Everest Nat=l Ins. Co., 98 S.W.3d 786, 787 (Tex. App.BCorpus Christi 2003, no pet.);
Morales v. Employers Cas. Co., 897 S.W.2d 866, 868 (Tex. App.BSan Antonio 1995, writ
denied).  But see Tex. Dep=t of Transp. v. Beckner, 74 S.W.3d 98, 103 (Tex. App.BWaco 2002, no pet.) (holding that
section 410.252(a) is a limitations period, not a jurisdictional requirement).  However, in
this restricted appeal, we need not determine whether the forty-day filing
deadline is jurisdictional because the record lacks sufficient evidence to
establish whether Flores filed his petition within that deadline.





[2]  The trial
court=s interlocutory default judgment, which disposed of
all but Flores=s claim of attorney=s fees,
referenced the Appeals Panel=s decision but did not indicate that it calculated the
forty-day filing deadline from Flores=s
receipt of the decision. 





[3]  In its brief, ICSP includes an
unauthenticated copy of the Appeals Panel=s cover letter and decision reflecting a file-stamped date
of March 18, 2004.  However, we cannot
consider evidence outside the appellate record.  See Carlton v. Trinity Univ. Ins. Co., 32
S.W.3d 454, 457B58 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied) (granting motion to strike extra-record documents included in appellant=s brief); see also Rosenfeld v.
Steelman, 405 S.W.2d 301, 302 (Tex. 1966) (holding that appellate court may
not consider affidavits outside the record to determine trial court=s jurisdiction).  Flores filed a motion to strike the copy of
the letter and decision attached to appellant=s brief, which we grant.