**Opinion issued January 16, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-13-00345-CV**

_____

**WILLIS  FLOYD WILEY, Appellant**

**V.**

**AMERICAN ZURICH INSURANCE COMPANY, Appellee**

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-68770**

---

**MEMORANDUM OPINION**

Appellant Willis Floyd Wiley appeals from the trial court's dismissal of his claims against Appellee American Zurich Insurance Company.  We affirm.

## BACKGROUND

Following the compensable work-related death of Lee Otis Ryans, Wiley sought death benefits from Ryans's employer's worker's compensation insurer, American Zurich. At the conclusion of a Contested Case hearing, the Texas Department of Insurance Division of Workers' Compensation Hearing Officer entered a November 30, 2010 order concluding that "Willis Floyd Wiley is not a proper legal beneficiary of Lee Ryans, Decedent, and is not entitled to death benefits." The Appeals' Panel rejected Wiley's challenge to that order, and notice was issued that the Hearing Officer's Decision and Order became final on February 28, 2011. The notice also stated, "If you are not satisfied with this decision and desire to have the dispute resolved in court, then you must file a lawsuit in the appropriate court."

On March 28, 2011, Wiley sued American Zurich in federal district court alleging civil rights violations. On October 12, 2011, the federal court dismissed Wiley's federal claims with prejudice and his state claims without prejudice.

More than a year later, on November 20, 2012, Wiley sued American Zurich in state court under numerous statutory and constitutional theories, all related to American's Zurich's denying him death beneficiary status. American Zurich answered and filed a Plea to the Jurisdiction, arguing that the lawsuit challenging the administrative beneficiary determination was untimely and, thus, the trial court

lacked jurisdiction.  Following a hearing, the trial court dismissed Wiley's suit, and Wiley timely filed this appeal.

## JURISDICTION

In his sole issue on appeal, Wiley argues that the trial court erred by dismissing his claims for lack of jurisdiction.

**A.    Applicable Law**

Whether a court has subject-matter jurisdiction is a question of law reviewed de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Judicial review of "a final decision of the appeals panel regarding compensability or eligibility for or the amount of income or death benefits" is provided for, and governed, by the Chapter 410 of the Texas Labor Code.  TEX. LAB. CODE ANN. § 410.301(a) (Vernon 2006); *see also id*. § 410.251 (providing for judicial review of appeals panel's decisions if administrative remedies are exhausted).  Chapter 410 also provides the deadline for seeking such review,

> A party may seek judicial review by filing suit not later than the 45th day after the date on which the division mailed the party the decision of the appeals panel. For purposes of this section, the mailing date is considered to be the fifth day after the date the decision of the appeals panel was filed with the division.

*Id*. § 410.252(a).

Pre-2000 cases uniformly interpreted this deadline to be mandatory and jurisdictional. *E.g.*, *Tex. Workers' Comp. Comm'n v. Hartford Accident & Indem. Co.*, 952 S.W.2d 949, 952 (Tex. App.—Corpus Christi 1997, pet. denied) (citing *Morales v. Emp'rs Cas. Co.*, 897 S.W.2d 866, 868 (Tex. App.—San Antonio 1995, writ denied)); *Boone v. St. Paul Fire & Marine Ins. Co.*, 968 S.W.2d 468, 470 (Tex. App.—Fort Worth 1998, pet. denied); *Benavidez v. Travelers Indem. Co. of Conn.*, 960 S.W.2d 422, 424 (Tex. App.—Austin 1998, no pet.).

In 2000, the supreme court, in *Dubai Petroleum Co. v. Kazi*, overruled its prior cases holding that failure to comply with statutory requirements is always jurisdictional. 12 S.W.3d 71, 76 (Tex. 2000). At issue in *Kazi* was the statutory requirement that—in a wrongful death suit involving the death of citizen of a foreign country—the foreign county at issue "has equal treaty rights with the United States on behalf of its citizens." *Id.* at 73–74. The trial court in that case, concluding that the plaintiffs did not meet their burden of demonstrating the country at issue (India) had equal treaty rights with the United States, dismissed for lack of subject-matter jurisdiction. *Id.* The supreme court disagreed, explaining that the sound policy considerations mitigated against treating all statutory prerequisites to suit as implicating subject-matter jurisdiction rather than the plaintiff's right to recover. *Id.* at 76–77.

4

We have since embraced the Austin Court of Appeals' approach to applying *Kazi* as providing "a workable distinction between statutory requirements that trigger jurisdictional implications after *Kazi* and those that do not." *Helton v. R.R. Comm'n of Tex.*, 126 S.W.3d 111, 118 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (citing *Sierra Club v. Tex. Natural Res. Conservation Comm'n*, 26 S.W.3d 684 (Tex. App.—Austin 2000), *aff'd,* 70 S.W.3d 809 (Tex 2002)).  Under that framework, "[i]f a statutory requirement 'defines, enlarges, or restricts the class of cause the [trial] court may decide or the relief the court may award,' the requirement is jurisdictional." *Id*.  "If it does none of these, the statutory requirement is but a condition on which the plaintiff's right to relief depends." *See id.*

With respect to the specific statutory deadline at issue in this case, the Beaumont Court of Appeals and the Fourteenth District Court of Appeals in Houston have acknowledged that *Kazi* may impact whether section 410.252(a)'s deadline should be considered jurisdictional, but have saved resolution of that issue for another day.  *Beaumont Indep. Sch. Dist. v. Parkerson*, 105 S.W.3d 761, 762 n.1 (Tex. App.—Beaumont 2003, no pet.) ("We do not determine [whether it is jurisdictional] as it is not necessary to the disposition of this appeal but note that since *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000), it is questionable."); *Ins. Co. of State of Pa. v. Flores*, No. 14-05-00346-CV, 2006 WL

5

1140388, at *1 n.1 (Tex. App.—Houston [14th Dist.] April 27, 2006, no pet.) (mem. op.) ("[I]n this restricted appeal, we need not determine whether the . . . deadline is jurisdictional because the record lacks sufficient evidence to establish whether [appellee] filed his petition within that deadline").

The Fort Worth and Waco Courts of Appeals have considered, and ultimately disagreed, about whether *Kazi* alters the classification of section 410.252(a)'s timeliness as jurisdictional. *Compare Tex. Mun. League Intergovernmental Risk Pool v. Burns*, 209 S.W.3d 806, 812 n.9 (Tex. App.—Fort Worth 2006, no pet.) (rejecting argument that, under *Kazi*, the deadline is a limitations period rather than a jurisdictional requirement), *with Tex. Dep't of Transp. v. Beckner*, 74 S.W.3d 98, 103 (Tex. App.—Waco 2002, no pet.) (applying *Kazi* to conclude that the deadline is "a limitations period, not a jurisdictional requirement").

And, finally, several courts of appeals—including our Court—have continued to interpret section 410.252(a)'s deadline as jurisdictional without any mention of a challenge to a jurisdictional plea as an appropriate procedural vehicle based on *Kazi*. *E.g.*, *Davis v. Am. Cas. Co. of Reading, Pa.*, 408 S.W.3d 1, 6 (Tex. App.—Amarillo 2012, pet. denied); *DeVore v. Am. Mfr.'s Mut. Ins. Co.*, No. 01-07-00495-CV, 2008 WL 2611886, at *2 (Tex. App.—Houston [1st Dist.] June 27, 2008, no pet.); *Fire & Cas. Ins. Co. of Conn. v. Miranda*, 293 S.W.3d 620, 624–25

(Tex. App.—San Antonio 2009, no pet.); *LeBlanc v. Everest Nat'l Ins. Co.*, 98 S.W.3d 786, 787 (Tex. App.—Corpus Christi 2003, no pet.); *Argonaut Sw. Ins. Co. v. Walker*, 64 S.W.3d 654, 657 (Tex. App.—Texarkana 2001, pet. denied). On appeal, Wiley does not challenge American Zurich's filing of a plea to the jurisdiction as the appropriate vehicle for American Zurich to challenge the timeliness of his filing. Thus, we review the trial court's order as a jurisdictional plea.

**B.    Analysis**

Wiley had forty-five days to seek judicial review of the decision denying him death-beneficiary status. TEX. LAB. CODE ANN. § 410.252(a). Almost twenty-one months passed between the Appeals Panel's notice to Wiley that the decision denying his death-beneficiary status was final and Wiley's filing the underlying state court lawsuit challenging American Zurich's decision denying him death-beneficiary status. Wiley argues that his filing claims against American Zurich in federal court—claims that were dismissed more than a year before the underlying state court proceeding was filed—somehow renders his state court suit timely. Wiley cites no authority in support of that proposition, and we have located none. Because Wiley did not comply with the forty-five day filing deadline in section 410.252(a), the trial court properly dismissed the suit. *See DeVore*, 2008 WL

2611886, at *2 (holding that trial court was without jurisdiction over untimely filed suit seeking judicial review of workers' compensation decision).

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.