**Vikie A. LEBLANC, Appellant,**

v.

**EVEREST NATIONAL INSURANCE COMPANY, Appellee.**

No. 13–01–578–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Feb. 27, 2003.

Grace Schrader Elmore, Tonahill, Hile, Dutton & Elmore, Beaumont, for Appellant.

Michael Kent Rose, Donald Francis Lighty, Stevens & Baldo, L.L.P., Beaumont, for Appellee.

Before Justices YAÑEZ, CASTILLO, and WITTIG.[1]

**OPINION**

Opinion by Justice WITTIG (Assigned).

Vikie A. LeBlanc appeals an adverse summary judgment on a workers compensation case. She filed her appeal from a finding of the Workers' Compensation Commission one day late, in the appropriate district court of Jefferson County. We will affirm.

**I**

After winding her own way through the triparted state workers compensation appeal process, LeBlanc faced the daunting task of filing, presumably for the first time in her life, a state district court lawsuit, correctly complying with specific statutory requirements. She wisely attempted to secure the services of an attorney to accomplish this task. She was not favored with the workers compensation appeals panel's denial of her claim until December 29, 2000, some eight days after the decision was rendered and filed with the commission. LeBlanc, according to her affidavit in opposition to the summary judgment, expended herculean efforts to find an attorney. Numerous attorneys rejected her plea for assistance. (We judicially note the fact only a handful of attorneys still possess the necessary professional skills to properly prosecute a workers compensation appeal, since the massive changes in the law that occurred over ten years ago.) In LeBlanc's case, even several attorneys or firms noted for handling such appeals,

---

1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

declined her case. Working over the holidays and through the end of January, 2001, she personally visited two respected law firms, as well as the Jefferson County Legal Aid Services. Legal Aid, she says, failed to send her an application. Twenty-six other law firms were contacted and either refused her case or candidly admitted their inability to take the case.[2] Finally, she contacted Grace S. Elmore, who agreed to take the case. Elmore, however, was in trial in Hardin County on January 30. She saw LeBlanc January 31st, and remarkably was able to file the district court appeal the same day. Sadly, January 31st was the forty-first day after the filing of the appeals panel decision.

## II

Summary judgment should only be granted if the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). We must take proof favorable to the nonmovant as true, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in her favor. *Nixon*, 690 S.W.2d at 548–49.

## III

This appeal, mirroring the summary judgment, boils down to whether the courts should liberally or jurisdictionally construe section 410.252(a) of the Texas Labor Code. *See* Tex. Lab.Code Ann. § 410.252(a) (Vernon 1996). LeBlanc argues for a liberal construction in order to carry out the plan for compensation of

injured workers. She cites *Harris v. Casualty Reciprocal Exch.*, 632 S.W.2d 714, 718 (Tex.1982) (interpreting dual role of employee and company officer; statute should be liberally construed to accomplish legislative purpose). She also argues that her one-day delay in filing her appeal was due to "uncontrollable circumstances" not attributable to her. She cites *Ward v. Charter Oak Fire Ins. Co.*, 579 S.W.2d 909, 910–11 (Tex.1979). In *Ward*, the claimant timely mailed her notice of appeal to the workers' compensation commission, but the letter was returned by the post office for eleven cents postage due. *Id.* By the time the claimant returned the notice, it was two days outside the statutory twenty-day notice limit of the former compensation law.[3] Charter Oak admitted, however, that in fact no postage was due. *Id.* It was the error of the postal service, not the claimant, that caused the notice to be received two days late. *Id.*

Appellant cites no authority, and we find none, that states section 410.252(a) of the Texas Labor Code is anything but jurisdictional. We have previously held that compliance with this filing requirement is jurisdictional. In 1997, we stated "Like the 20–day filing requirement under the 'old' workers' compensation law, this 'new-law' filing requirement is mandatory and jurisdictional." *Texas Workers' Compensation Com'n v. Hartford Acc. and Indem. Co.*, 952 S.W.2d 949, 952 (Tex.App.-Corpus Christi 1997, pet. denied) (citing *Morales v. Employers Casualty Co.*, 897 S.W.2d 866, 868 (Tex.App.-San Antonio 1995, writ denied)); *see also Boone v. St. Paul Fire & Marine Ins. Co.*, 968 S.W.2d 468, 470 (Tex.App.-Fort Worth 1998, pet. denied) (one day late filing presented jurisdictional

---

2. We note the effect of workers compensation reform, which virtually eliminated attorney representation of workers in this field. Thus, we should not be read to imply any fault of the Texas bar.

3. Act of December 11, 1989, 71st Leg., 2d C.S., ch. 1, § 16.01, 1989 Tex. Gen. Laws 1, 114.

defect); *Benavidez v. Travelers Indemnity Co. of Connecticut*, 960 S.W.2d 422, 424 (Tex.App.-Austin 1998, no pet.) (timely filing with the Commission is mandatory and jurisdictional).[4]

The supreme court has addressed the jurisdictional question in terms of the companion section 410.253, which requires simultaneous filing of the petition with both the Workers' Compensation Board and the court. Tex. Lab.Code Ann. § 410.253 (Vernon 1996); *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex.1999). In *Albertson's*, the court agrees with LeBlanc that "the liberal construction we must give workers' compensation laws precludes a jurisdictional interpretation" as it applies to failure to timely file notice of appeal with the Commission. *Albertson's*, 984 S.W.2d at 961 (citing, *inter alia*, *Ward*, 579 S.W.2d at 910). The supreme court however, noted a different purpose behind section 410.253, that does not require dismissing of the case for lack of jurisdiction. *Id.* Although much of the logic of *Albertson's* would seem to indicate section 410.252(a) should likewise be liberally construed, particularly under the circumstances here, we are constrained by both our own precedent and the consistent holdings of our sister courts.[5]

LeBlanc also argues that Rule 1 of the Texas Rules of Civil Procedure mandates that the courts interpret "the rules" to obtain a just, fair, equitable and impartial adjudication of the litigant's rights and not use the rules as a trap to prevent the unwary litigant from presenting the truth. *See* Tex.R. Civ. P. 1. First, we note Rule 1 is part of and introductory to the Rules of Procedure, not the Labor Code. Next, we note the general rules of construction indicate that a specific section controls over a general—here, section 410.252(a) controls over Rule 1. *See Texas General Indem. Co. v. Texas Workers' Compensation Com'n*, 36 S.W.3d 635, 641 (Tex.App.-Austin 2000, no pet.) (when two sections of a statute address a similar subject matter and a general provision can be read to conflict with a more specific provision, the general provision is controlled or limited by the special provision). Finally, in construing income or death benefits under Chapter G, the Legislature specified in Texas Labor Code section 410.305 that when subchapter G conflicts with the Texas Rules of Civil Procedure, subchapter G controls. *See* Tex. Lab.Code Ann. § 410.305 (Vernon

---

**4.** The Dallas court of appeals has recently addressed a related issue where the claimant timely filed suit but sued the wrong defendant. *Johnson v. United Parcel Service*, 36 S.W.3d 918, 921 (Tex.App.-Dallas 2001, pet. denied). The court reiterated the rule found in every appellate decision we found, that the forty-day filing deadline requirement of section 410.252(a) is mandatory and jurisdictional. *Id.* Although the mistake in *Johnson* was the identity of the defendant, the Dallas court held the statute of limitations continues to run until the plaintiff files an amended petition to join the proper party in a new lawsuit. *Id.* We reached a different result on the running of limitations in *Bass v. Texas Ass'n of School Boards*, 55 S.W.3d 735, 738 (Tex.App.-Corpus Christi 2001, pet. filed). Contrary to *Johnson*, we held that *when suit was timely filed* and a mistake was made concerning the identity of

the defendant, the statute of limitations does not continue to run but is tolled under the doctrine of misidentification until the plaintiff files an amended petition to join the proper party. *Id.* at 738. Unlike *Johnson* or *Bass*, LeBlanc did not timely file her petition.

**5.** We also note that LeBlanc brought an action at law, under the statute. Other than a general prayer for relief, no specific equitable remedy was sought, as perhaps, might obtain under a purely equitable action. *See, e.g., In Re Gamble*, 71 S.W.3d 313, 318 (Tex.2002) (in the end, a court's power to fashion equitable relief in an election case is not unrestrained; a court may order equitable relief from a statutory deadline, but its action is constrained by the election schedule itself; equity jurisdiction will not be invoked lightly).

1996); *Albertson's,* 984 S.W.2d at 960. While the specific application of subchapter G may not be at issue here, we likewise think it is clear that the specific section 410.252(a) controls over the more general Texas Rule of Civil Procedure 1. *Texas General Indem. Co.,* 36 S.W.3d at 641.

We conclude appellant has not demonstrated that she took all the appropriate steps, as illustrated by *Ward,* only to be thwarted by nature or the government with no opportunity to file her petition for appeal on time. *Ward,* 579 S.W.2d at 910–11. Thus, we may not treat her petition as timely filed, when it was filed the day after it was due. *Boone,* 968 S.W.2d at 470. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.