In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00016-CV

                                                ______________________________

 

 

                            CHRISTOPHER CASTLEBERRY,
Appellant

 

                                                                V.

 

                         ACE AMERICAN INSURANCE/ESIS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 276th
Judicial District Court

                                                             Morris County, Texas

                                                            Trial
Court No. 24,566

 

                                                       
                                           

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

I.         Background

 

            Pro se
appellant, Christopher Castleberry, was employed by U.S. Steel Tubular Products,
Inc., as a straightener.  Castleberry
maintains he sustained a hearing loss as a result of excessive noise levels at
work, for which he sought to recover workers’ compensation benefits.   The request for benefits was denied by the
hearing officer.  When he was again
denied relief from the Texas Department of Insurance Division of Workers’
Compensation appeals panel, Castleberry filed his original petition seeking
judicial review in the District Court of Morris County.  Ace American Insurance/ESIS (Ace) filed a
plea to the jurisdiction, alleging Castleberry failed to timely file his
petition, and therefore the district court lacked jurisdiction to hear the
cause.  The district court granted the
plea to the jurisdiction and dismissed Castleberry’s petition with
prejudice.  Castleberry appeals the order
of dismissal, asking this Court to “overrule the time limit that was originally
given.”  We affirm the judgment of the
trial court.

II.        Jurisdiction

 

            The Texas Workers’ Compensation
Act requires that a party appealing a decision of the Commission must file suit
by the forty-fifth day after the date on which the decision of the appeals
panel was mailed to that party.  Tex. Lab. Code Ann. § 410.252(a) (West
Supp. 2010).[1]  Here, the decision of the appeals panel was
filed on May 24, 2010.  Castleberry was
therefore required to file suit not later than forty-five days from May 29,
2010, the date the decision was mailed to him.[2]
 Castleberry’s original petition was
filed on November 25, 2010, well beyond the forty-five-day deadline.  Ace contends that the district court was
without jurisdiction over Castleberry’s lawsuit due to the untimely filing of
the original petition.  We agree.

            The
forty-five-day time period in which to file a petition for judicial review is
mandatory and jurisdictional.  Fire & Cas. Ins. Co. of Conn. v. Miranda,
293 S.W.3d 620, 624 (Tex. App.—San Antonio 2009, no pet.); LeBlanc v. Everest Nat’l Ins. Co., 98 S.W.3d 786, 787 (Tex. App.—Corpus
Christi 2003, no pet.); Johnson v. United
Parcel Serv., 36 S.W.3d 918, 921 (Tex. App.—Dallas 2001, pet. denied); Morales v. Employers Cas. Co., 897
S.W.2d 866, 868 (Tex. App.—San Antonio 1995, writ denied) (op. on reh’g) (finding
no reason to distinguish statutory twenty-day filing requirement under former Article
8307, Section 5 that was mandatory and jurisdictional and current forty-day
requirement under Section 410.252(a)) (decisions under prior law).[3]  Indeed, LeBlanc
determined that there was no caselaw holding that Section 410.252(a) of the
Texas Labor Code is anything but jurisdictional.  LeBlanc,
98 S.W.3d at 787. 

            Castleberry’s failure
to file his petition with the district court within forty-five days of the date
on which the decision was mailed to him deprived the trial court of
jurisdiction to act in the present case. 
This Court, while sympathetic to Castleberry’s request to “overrule the
time limit that was originally given,” is without authority to do so.  See
Pub. Util. Comm’n v. Cofer, 754 S.W.2d 121, 124 (Tex. 1988) (court is not
free to rewrite statute to reach more desirable result).

III.       Conclusion

 

            We affirm the judgment of the
trial court.

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          August
3, 2011

Date Decided:             August
4, 2011











 

[1]The
statute provides:

 

A party may seek
judicial review by filing suit not later than the 45th day after the date on
which the division mailed the party the decision of the appeals panel.  For purposes of this section, the mailing
date is considered to be the fifth day after the date the decision of the
appeals panel was filed with the division.

 

Tex.
Lab. Code Ann. § 410.252(a).

 





[2]Castleberry’s
petition was due to be filed on or before July 13, 2010.

 





[3]Section
410.252(a) was amended to expand the time period for filing a petition for
judicial review from forty days to forty-five days, effective September 1,
2009.  Tex.
Lab. Code Ann. § 410.252(a).