

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00016-CV
_____

CHRISTOPHER CASTLEBERRY, Appellant

V.

ACE AMERICAN INSURANCE/ESIS, Appellee

On Appeal from the 276th Judicial District Court
Morris County, Texas
Trial Court No. 24,566

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

## I.    Background

Pro se appellant, Christopher Castleberry, was employed by U.S. Steel Tubular Products, Inc., as a straightener.   Castleberry maintains he sustained a hearing loss as a result of excessive noise levels at work, for which he sought to recover workers' compensation benefits.    The request for benefits was denied by the hearing officer.   When he was again denied relief from the Texas Department of Insurance Division of Workers' Compensation appeals panel, Castleberry filed his original petition seeking judicial review in the District Court of Morris County.   Ace American Insurance/ESIS (Ace) filed a plea to the jurisdiction, alleging Castleberry failed to timely file his petition, and therefore the district court lacked jurisdiction to hear the cause.   The district court granted the plea to the jurisdiction and dismissed Castleberry's petition with prejudice.   Castleberry appeals the order of dismissal, asking this Court to "overrule the time limit that was originally given."   We affirm the judgment of the trial court.

## II.    Jurisdiction

The Texas Workers' Compensation Act requires that a party appealing a decision of the Commission must file suit by the forty-fifth day after the date on which the decision of the appeals panel was mailed to that party.   TEX. LAB. CODE ANN. § 410.252(a) (West Supp. 2010).[1]   Here,

---

[1]The statute provides:

the decision of the appeals panel was filed on May 24, 2010. Castleberry was therefore required to file suit not later than forty-five days from May 29, 2010, the date the decision was mailed to him.[2] Castleberry's original petition was filed on November 25, 2010, well beyond the forty-five-day deadline. Ace contends that the district court was without jurisdiction over Castleberry's lawsuit due to the untimely filing of the original petition. We agree.

The forty-five-day time period in which to file a petition for judicial review is mandatory and jurisdictional. *Fire & Cas. Ins. Co. of Conn. v. Miranda*, 293 S.W.3d 620, 624 (Tex. App.—San Antonio 2009, no pet.); *LeBlanc v. Everest Nat'l Ins. Co.*, 98 S.W.3d 786, 787 (Tex. App.—Corpus Christi 2003, no pet.); *Johnson v. United Parcel Serv.*, 36 S.W.3d 918, 921 (Tex. App.—Dallas 2001, pet. denied); *Morales v. Employers Cas. Co.*, 897 S.W.2d 866, 868 (Tex. App.—San Antonio 1995, writ denied) (op. on reh'g) (finding no reason to distinguish statutory twenty-day filing requirement under former Article 8307, Section 5 that was mandatory and jurisdictional and current forty-day requirement under Section 410.252(a)) (decisions under prior law).[3] Indeed, *LeBlanc* determined that there was no caselaw holding that Section 410.252(a) of

A party may seek judicial review by filing suit not later than the 45th day after the date on which the division mailed the party the decision of the appeals panel. For purposes of this section, the mailing date is considered to be the fifth day after the date the decision of the appeals panel was filed with the division.

TEX. LAB. CODE ANN. § 410.252(a).

[2]Castleberry's petition was due to be filed on or before July 13, 2010.

[3]Section 410.252(a) was amended to expand the time period for filing a petition for judicial review from forty days to forty-five days, effective September 1, 2009. TEX. LAB. CODE ANN. § 410.252(a).

3

the Texas Labor Code is anything but jurisdictional.  *LeBlanc*, 98 S.W.3d at 787.

Castleberry's failure to file his petition with the district court within forty-five days of the date on which the decision was mailed to him deprived the trial court of jurisdiction to act in the present case.  This Court, while sympathetic to Castleberry's request to "overrule the time limit that was originally given," is without authority to do so.  *See Pub. Util. Comm'n v. Cofer*, 754 S.W.2d 121, 124 (Tex. 1988) (court is not free to rewrite statute to reach more desirable result).

III.    **Conclusion**

We affirm the judgment of the trial court.


Jack Carter
Justice


Date Submitted:        August 3, 2011
Date Decided:          August 4, 2011

4