Opinion issued December 18, 2014



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00429-CV

———————————

**REYNALDO MORALES, Appellant**

**V.**

**TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, Appellee**

---

On Appeal from the 165th District Court
Harris County, Texas
Trial Court Case No. 2013-54065

---

## MEMORANDUM OPINION

The trial court dismissed Reynaldo Morales's worker's compensation appeal after granting the plea to the jurisdiction and motion to dismiss filed by the sole defendant, Travelers Indemnity Co. of Connecticut. Morales, who is pro se,

requests that the judgment be reversed so that he can continue to litigate whether he is entitled to additional workers' compensation benefits.

We affirm.

## Background

Morales was injured in 2000, while working at Hunter Douglas, Inc., in Dallas. His post-injury medical evaluation revealed disc herniations in his cervical spine. He began receiving worker's compensation benefits following his injury.

A dispute arose several years later concerning the extent to which the 2000 accident also caused disc herniations in his lower back and radiculopathy in his arms. The Division of Workers' Compensation held a contested hearing in 2008 to determine whether the 2000 injury caused those additional injuries. The hearing officer concluded that the 2000 injury did not cause the lower back herniations or the radiculopathy and, as a result, Morales was not eligible for worker's compensation benefits for those injuries. The order denying additional benefits was issued on December 10, 2008. Morales appealed that decision through the Division's internal appeals process.

The Appeals Panel affirmed the order on March 6, 2009. The Division notified Morales that he "must file a lawsuit in the appropriate court" to obtain judicial review of the decision; however, the notification did not inform Morales of the deadline for filing such a suit.

**Morales Did Not File Suit Timely**

The Texas Workers' Compensation Act requires that a party appealing a decision of the Appeals Panel file suit within 45 days of the date on which the decision was mailed to the party. TEX. LAB. CODE ANN. § 410.252(a) (West Supp. 2014).[1] The Appeals Panel decision is dated March 6, 2009. Thus, Morales had until April 27, 2009 to file suit challenging the decision.

Morales originally filed suit in Dallas County on September 11, 2009. The suit was dismissed on April 5, 2010, after the trial court concluded that his claims were barred by limitations and that the Appeals Panel decision had become final.

Morales then filed at least two more suits in Dallas County and Travis County, continuing to assert a right to appeal the decision of the Appeals Panel. These suits also were dismissed.

Morales filed the suit that underlies this appeal in Harris County on September 13, 2013—more than four years after the deadline to obtain judicial review of the Appeals Panel decision. The defendant, Travelers Indemnity Co. of Connecticut, filed a plea to the jurisdiction and motion to dismiss; the case was

---

[1] "A party may seek judicial review by filing suit not later than the 45th day after the date on which the division mailed the party the decision of the appeals panel. For purposes of this section, the mailing date is considered to be the fifth day after the date the decision of the appeals panel was filed with the division." TEX. LAB. CODE ANN. § 410.252(a). Before September 1, 2009, the applicable time period for seeking judicial review was 40 days. *See* Act of May 29, 2009, 81st Leg., R.S., ch. 1200, § 1, 2009 Tex. Gen. Laws 3823.

dismissed. Morales concedes that the deadline "has expired" but requests "an opportunity" to prove that his injuries all relate to the 2000 work accident.

## Standard of Review

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We review a trial court's ruling on a jurisdictional plea under the de novo standard. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). When a plea to the jurisdiction challenges the pleadings, we construe the pleadings in the plaintiff's favor and looking to the pleader's intent. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

## Jurisdiction

The Workers' Compensation Act requires that suit for judicial review of an appeals panel decision be filed within 45 days of notice of the decision. TEX. LAB. CODE ANN. § 410.252(a). A split has developed among the Texas appellate courts regarding whether the 45-day deadline is a jurisdictional requirement or merely a defensive limitations issue. *See Wiley v. Am. Zurich Ins. Co.*, No. 01-13-00345-CV, 2014 WL 173423, at *2–3 (Tex. App.—Houston [1st Dist.] Jan. 16, 2014, pet. denied) (mem. op.) (noting varying treatment given issue by appellate courts). The majority view appears to be that the deadline is a jurisdictional issue and, if suit is

4

not timely, the trial court lacks subject matter jurisdiction. *See Fire & Cas. Ins. Co. of Conn. v. Miranda*, 293 S.W.3d 620, 624 (Tex. App.—San Antonio 2009, no pet.) (holding that deadline is "mandatory and jurisdictional"); *LeBlanc v. Everest Nat'l Ins. Co.*, 98 S.W.3d 786, 787 (Tex. App.—Corpus Christi 2003, no pet.) (same); *but see Tex. Dep't of Transp. v. Backner*, 74 S.W.3d 98, 103 (Tex. App.—Waco 2002, no pet.) (applying *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000) and holding that 45-day filing deadline is not jurisdictional requirement, but merely limitations period).

After *Kazi* and *Backner*, this Court affirmed a jurisdictional plea on a late-filed worker's compensation appeal without any discussion of the jurisdictional versus defensive classification of the statutory requirement. *See DeVore v. Am. Mfr.'s Mut. Ins. Co.*, No. 01-07-00495-CV, 2008 WL 2611886, at *2 (Tex. App.—Houston [1st Dist.] June 27, 2008, no pet.) (mem. op.) (affirming grant of plea to jurisdiction and motion to dismiss because employee-plaintiff missed filing deadline). Later, in *Wiley*, this Court again affirmed dismissal for lack of jurisdiction, after noting that the employee-appellant had not challenged whether a plea to the jurisdiction is the proper vehicle for asserting that the appeal was untimely. 2014 WL 173423, at *3.

Morales does not challenge the use of a plea to the jurisdiction to defeat his admittedly late-filed appeal either. Following this Court's earlier decisions, we

conclude that the trial court did not err in granting the motion to dismiss because Morales failed to file his petition within the applicable statutory deadline. *See Wiley*, 2014 WL 173423, at \*3; *DeVore*, 2008 WL 2611886, at \*2.

### Clarification regarding When the Claim Expired

In his pro se appellate brief, Morales discusses various events that occurred after his first petition for judicial review was filed in September 2009 in Dallas County. We understand this portion of his brief to articulate his belief that the events that occurred *after* he filed suit are what have caused his claim to expire. But that is not accurate. Morales's claim had already expired when he filed the first lawsuit in September 2009 because he had only until April 27, 2009 to file it. To the extent Morales wishes to litigate whether his lower back injury was caused by the 2000 accident, that issue has been resolved against him and became final and unappealable in late-April 2009—before he filed suit in any of the district courts.

Accordingly, we overrule Morales's single issue.

### Conclusion

We affirm the judgment of the trial court.


                                        Harvey Brown
                                        Justice

Panel consists of Justices Keyes, Higley, and Brown.